Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 50154 | DATE | 7/2/2001 |
| CASE TITLE | Brant vs. Volkert et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants Cass and McClain's motion for summary judgment;
Defendant Volkert's motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ■ Status hearing set for 7/6/2001 at 10:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Cass and McClain's motion for summary judgment is granted and Count I is hereby dismissed; Volkert's motion for summary judgment on Count IV is denied. Counsel for all parties are ordered to appear at a status hearing at 10:30 a.m. on Friday, July 6, 2001

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JUL - 5 2001 | |
| | Notified counsel by telephone. | | date docketed | 48 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 JUL -2 AM 11:04 | 7-2-01 date mailed notice | |
| /LC6 | courtroom deputy's initials | Date/time received in Central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Mark Brant, has filed a four-count first-amended complaint alleging, among other things, a claim under 42 U.S.C. § 1983 that Freeport Police Officer Fred Cass and Auxiliary Officer Wendell McClain used excessive force during Brant's arrest on May 8, 1998 (Count I)[1] and a claim against Samuel Volkert in his official capacity as the Stephenson County Sheriff for compensatory damages under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-34 ("ADA"), arising out of his subsequent incarceration at the Stephenson County Jail (Count IV). Jurisdiction and venue are proper under 28 U.S.C. §§ 1331, 1391. Cass and McClain have filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 as to Count I and Volkert has done the same as to Count IV.

With Cass and McClain raising the defense of qualified immunity to Count I, the court must first consider the "threshold question" of whether the facts, taken in the light most favorable to Brant, establish a constitutional violation. See Saucier v. Katz, 121 S. Ct. 2151, 2156 (2001). On this issue, the court finds Cass and McClain did not use an objectively unreasonable amount of force to effectuate the arrest of Brant. See Graham v. Connor, 490 U.S. 386, 397 (1989). After arresting Brant, who is a paraplegic, for driving his moped with a revoked driver's license, Cass and McClain picked him up bodily and carried him over to their squad car – a distance of approximately ten feet. McClain then guided Brant's feet into the floor of the back seat, causing Brant's legs to spasm and his entire body to "straighten out." Because Brant admits Cass may have felt resistance from Brant's legs, and because Cass and McClain were justified in not taking the handcuffs off Brant to let him get into the car himself, some force – i.e., some twisting and shoving – was needed to get the rest of Brant's body inside the squad car. Brant colorfully describes Cass "corkscrewing" him into the car at this point, but even under Brant's version of the facts Cass turned and pivoted Brant no more than was reasonably necessary to overcome the spasm that had taken hold of him. Cass had to get Brant into the car and Brant's body (though not Brant himself) was resisting Cass' efforts. The court can find nothing in the record to suggest Cass gratuitously pushed or shoved Brant for no reason at all, cf. Clash v. Beatty, 77 F.3d 1045, 1048 (7th Cir. 1996), and concludes that the force used was objectively reasonable under the circumstances.[2] See, e.g., Chapman v. Keltner, 241 F.3d 842, 847 (7th Cir. 2001) (finding officers used objectively reasonable amount of force in assisting arrestee, who had just been discharged after bowel resection surgery, into police van despite fact that stepping up into van caused arrestee's incision to open up and bleed).

Alternatively, even assuming questions of fact remain on whether Cass and McClain's use of force was objectively reasonable, the court finds they are nevertheless entitled to qualified immunity. See Saucier, 121 S. Ct. at 2156-60. Although it is Brant's burden to demonstrate the constitutional right at issue was "clearly established," Jacobs v. City of Chicago, 215 F.3d 758, 766 (7th Cir. 2000), he has completely failed to point to a single closely analogous case that establishes a right to be free from the type of force Cass and McClain used on him. See Clash, 77 F.3d at 1048. Instead, the hyperbole in Brant's response brief about being "thrown" and "tossed" into the squad car seems to imply (though he does not actually come out and say it) that his is one of those "rare cases" in which the officers' conduct was so egregious and the constitutional violation so "patently obvious" that there are no analogous cases from which to compare. See Smith v. City of Chicago, 242 F.3d 737, 742 (7th Cir. 2001); Jacobs, 215 F.3d at 767. In short, it is not. First, in light of the discussion above regarding the amount of force actually used by Cass and McClain to put Brant into the squad car, Brant has failed to show the force was "so plainly excessive . . . as an objective matter" that the officers were on notice that they were violating the Fourth Amendment. See Clash, 77 F.3d at 1048. Second, Brant admits Cass conferred with his superior officer, Sgt. Brian Kuntzelman, about how to transport Brant to the jail and it was Kuntzelman who decided to put Cass in the squad car rather than call an ambulance. Brant also does not dispute that the method of transporting Brant was not only similar to another instance in which Freeport police officers arrested a paraplegic, but it also did not violate any policy of the Freeport police department. Thus, the court finds that, even if Cass and McClain were wrong, reasonable officers in their position could have mistakenly believed the manner in which they put Brant in the squad car was lawful. See Saucier, 121 S. Ct. at 2158; Ulichny v. Merton Comm. Sch. Dist., 249 F.3d 686, 706 (7th Cir. 2001).

As for Count IV, the heart of Brant's ADA claim is that, when he was placed in a "work release cell" with eight or nine other inmates at the Stephenson County Jail, Correctional Officer Mark Thompson took Brant's wheelchair away for the duration of the night, leaving Brant unable to use the toilet inside the cell. As the Supreme Court made clear in Pennsylvania Department of Corrections v. Yeskey, 524 U.S. 206 (1998), Title II of the ADA applies to prisons and prisoners. See id. at 209-10. Moreover, the court believes the use of a toilet is arguably a "service" of the prison. See 42 U.S.C. § 12132. And notwithstanding Volkert's rather implausible argument to the contrary, it seems obvious to the court Brant was denied the use of the toilet "by reason of" his disability. See id.; Love v. Westville Corr. Center, 103 F.3d 558, 560 (7th Cir. 1996). The court also finds questions of fact remain on whether allowing Brant to use his wheelchair inside the cell was a "reasonable" accommodation. See 42 U.S.C. § 12131(2).

For the reasons stated above, Cass and McClain's motion for summary judgment is granted and Count I is hereby dismissed; Volkert's motion for summary judgment on Count IV is denied.

---

[1] Although Brant has sued Cass and McClain in both their individual and official capacities, he has made no attempt to show a "policy or custom" on the part of the city of Freeport. See Monell v. Department of Soc. Serv. of the City of New York, 436 U.S. 658, 694 (1978). The court therefore dismisses the official capacity claims against these two defendants.

[2] The court's finding that Cass did not use excessive force during Brant's arrest similarly disposes of Brant's "failure to intervene" claim against McClain. See Gossmeyer v. McDonald, 128 F.3d 481, 494 (7th Cir. 1997).